### THE STATE OF TEXAS v. JESSE BUTLER.

1. The refusal of the district judge to forfeit a recognizance is an interlocutory order from which no appeal can be taken.
2. An order transferring a criminal case to another county does not transfer the jurisdiction, unles the defendant be recognized to appear before the court to which the venue is sought to be changed.

APPEAL from Smith. The transcript does not show what judge sat in the court below.

Jesse Butler was indicted for arson in Smith county, at the Spring term, 1861. At the same term he entered into recognizance in the sum of five thousand dollars. The case was continued until December, 1868, when he executed a bond in the sum of five hundred dollars. At the April term, 1872, the presiding judge being disqualified, it was ordered that the cause " be transferred to Henderson, Rusk county, for trial, because the presiding judge had been of counsel for defendant." The original papers were forwarded to Rusk county, but the defendant was not recognized to appear there. At the December term, 1872, it was ordered by the District Court of Rusk county that the papers be returned to Smith county, because the District Court of Rusk county had no jurisdiction. At the March term, 1873, the district attorney filed his motion in the District Court of Smith county, asking that the defendant be called, and, upon default of appearance, that his bond be forfeited ; which motion was overruled, because, in the opinion of the court, the judge, "having heretofore been of counsel, cannot sustain said motion ;" from which ruling the district attorney appealed.

*Attorney-General*, for the State.

WALKER, J.—The appeal in this case must be dismissed. The order of the court appealed from is no final

judgment; it is simply an interlocutory order, which does not in any wise determine the case.

The case being properly on the docket of the District Court of Smith county, the defendant and his securities should have been called, and a judgment *nisi* entered on their failure to appear.

The order to change the venue to Rusk county had no operation in law until the defendant was recognized to appear before the District Court of,that county. The order of the district judge of Rusk county dismissing the case from that docket was correct.

The appeal is dismissed.

DISMISSED.