### GEORGE ELKINS v. THE STATE.

#### No. 556. Decided April 19, 1910.

**1.—Burglary—Evidence—Declarations of Third Parties—Hearsay.**

Where, upon trial of burglary, the proof developed that the alleged stolen goods were mingled with those belonging to a third party who was not a witness in the case, the court erred in permitting the officer who restored some of the alleged stolen goods to say that this third party did not claim the latter and especially the hats in question, all of which occurred in defendant's absence.

**2.—Same—Evidence—Acts of Third Parties.**

Where, upon trial of burglary, it appeared that the alleged stolen goods had been taken to the house of defendant's daughter who had therein some of the remnants of the stock of goods belonging to her, and the officers had recovered some of the alleged stolen goods, the court erred in admitting testimony that the said daughter of the defendant had never brought any suit to recover the goods thus taken away by the officer. Following Richards v. State, recently decided.

Appeal from the District Court of Wilson. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. H. Burmeister, C. F. Elkins* and *J. E. Canfield,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted of the offense of burglary and his punishment assessed at confinement in the penitentiary for two years.

It appears from the statement of facts that on June 4, 1908, the mercantile store of Stobbs Brothers, at Sutherland Springs, Wilson County, was burglarized and several articles stolen from the store. Twelve packages of searchlight matches and four dozen cases of milk of the Eagle brand; also some shirts, Stetson hats and a two pound cake of beeswax. Some of these articles, or articles similar to these, were found in appellant's house the next day. The prosecuting witness testified that when he went to the defendant's house he found

at said house a two pound cake of beeswax, and that the same was in a trunk and the trunk was locked; that there was no mark on the wax, but witness claimed that he had bought a two pound cake of beeswax on the day before from a man named Hardy; that he found five hats—two white hats and three black hats—and that he found all of these hats in a white box; that he could not tell anything about the hats whether they belonged to his stock or not. While the box in which the hats were, bore his mark, he could not tell whether these hats were his or not; that one of them seemed to be moth-eaten. There were several other things, he says, in the house of Elkins similar to articles that he had, consisting of various kinds of goods and things of that sort. The proof showed that the defendant lived in a house that belonged to his daughter, Miss Ola Elkins, and a good many of the things that had been taken out when the officer and the prosecuting witness went to the house were returned to Miss Ola Elkins. The proof showed that Miss Ola Elkins had formerly been in business in the town of Sutherland Springs, and that when she ceased business she removed to her house—the dwelling house—a number of articles, consisting of calico, domestics and a great many other goods. Many of these things were turned over to Elkins as her property by the officer. The officer says he returned to Miss Elkins a coat, shoes, pants, domestics, calico and other articles, but a great many articles of a similar character were delivered to the prosecuting witness. There was no controversy but that Miss Elkins had been in business and that a great many of the things that had been seized at Miss Elkins' house, where defendant was living, were merchandise which she had left over after ceasing doing business. Miss Ola Elkins was not introduced as a witness in the trial of the case, either for the State or defendant.

Over the objection of the defendant the State was permitted to prove by the sheriff Wright that when he went and got the goods from the house of Miss Ola Elkins to carry back to the storehouse, Miss Ola Elkins did not claim any of the goods and that she especially did not claim the hats. This testimony was introduced over the objection of appellant on the ground that he could not be bound by any action of Miss Ola Elkins, nor as to her claim or nonclaim of the goods and that her nonaction could not be considered as a circumstance against him. We are of opinion that the court was in error in admitting this testimony and that the same was prejudicial to the rights of the appellant.

Bill of exceptions No. 10 is to the action of the court in permitting the State to prove by the witness Ferguson that he was justice of the peace at the time of the alleged offense and lived at Sutherland Springs, and that Miss Ola Elkins had never brought any suit to recover the goods that had been turned over to Stobbs Brothers, whose house had been burglarized. His testimony was objected to on the ground that defendant could not be bound by the failure of his daughter or any

other member of his family to bring suit for the goods and the same could not be regarded as a circumstance of guilt against the appellant. We think that the court was in error in permitting this testimony. In the case of Richards v. State, decided at this term and not yet reported, we laid down this proposition: "That where the identity of the alleged stolen property is in dispute and is a controverted issue in the case it is harmful error to admit the acts and declarations of parties made and done in the absence of defendant, showing their opinion or conclusion as to the identity of the property, or as to whom said property belonged. See also case of Anderson v. State, 14 Texas Crim. App., 49, and Cannada v. State, 29 Texas Crim. App., 537. It was legitimate and proper to show the identity of the goods, but the acts, declarations and conduct of third parties subsequent to the theft, could not be binding upon the appellant and the admission of such testimony was highly prejudicial to the rights of the appellant."

There are several other questions raised in the record which it is not necessary to notice. For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*