Ex Parte W. I. Haley.

No. 6118. Decided February 9, 1921.

Rehearing Denied March 9, 1921.

1.—Habeas Corpus—Change of Venue—Recognizance—Name of Court.

Where, relator contended that the judgment of conviction, by which he was placed in the penitentiary, was void because the recognizance given on change of venue bound him to appear before the District Court of Dallas

County and not before the Criminal District Court, No. 2, of said County, and that in consequence of said defective recognizance the Court had no jurisdiction to try him, held, that a defective recognizance in such cases would not render void the judgment of a court of otherwise competent jurisdiction, and the relator is remanded to custody.

### 2.—Same—Rule Stated—Defective Recognizance.

Where, relator was in jail in the county of his conviction, and was brought therefrom to answer to the charge of murder and was personally before the court which tried and adjudged his case, his contention that the recognizance was defective which was given on change of venue and conferred no jurisdiction on the court which tried him, and that the judgment for conviction is void, is untenable, and the matter of defective recognizance in such case is not different from any other defective recognizance in any other stage of a criminal procedure.

### 3.—Same—Venue—Bill of Exceptions—Practice on Appeal.

Venue, in the trial court, must be proven, but unless the matter was there made an issue and the contrary made to appear by a bill of exceptions properly presented, it will be presumed that such venue was proven, and where in the instant case no objections were offered to the jurisdiction of the court at the time of the trial, and no question was raised about an insufficient recognizance, the matter cannot be considered on appeal.

### 4.—Same—Rehearing—Recognizance—Change of Venue.

The contention in relator's motion for rehearing that the order of the court of original venue, no matter how regular it may be, conferred no venue on the court to which it is changed unless the relator entered into a proper recognizance, if on bond at the time, is untenable, as our statute has not so provided, and the irregularity of a recognizance upon change of venue cannot affect the validity of the order changing the venue. Qualifying Butler v. State, 38 Texas Crim. Rep., 560; Harris v. State, 71 Texas Crim. Rep., 463.

### 5.—Same—Practice in Trial Court—Change of Venue—Recognizance—Presumption.

An order directing a change of venue should also, either direct that the defendant be placed in custody or fix the amount of the recognizance, and it would be incomplete in the absence of such recital, but no such omission from the order of the court appears in the instant case, the amount of the recognizance was fixed and this court presumes that the relator undertook in good faith to enter into the proper recognizance.

From Dallas County.

Original *habeas corpus* proceedings, asking release from the penitentiary, contending that the judgment of conviction was void because of a defective recognizance in change of venue proceedings.

The opinion states the case.

*Williams & Muse,* for relator.—Cited Taylor v. State, 197 S. W. Rep., 196; Emery v. State, 57 Texas Crim. Rep., 423; Ex parte Degener, 17 S. W. Rep., 1114, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an effort by original *habeas corpus* here sued out, to release applicant from the penitentiary of this State in which he is confined by virtue of a judgment of conviction of murder in Criminal District Court No. 2 of Dallas County. The cause in which applicant was convicted originated in Kaufman County and the venue was transferred by the district judge of that county to Criminal District Court No. 2 of Dallas County. Prior to the time the case was called for trial in said last named court, affidavit of the insufficiency of the sureties on applicant's recognizance was filed with the clerk of said District Court in Dallas County, and he had been arrested and placed in the Dallas County jail.

This application is based on the proposition that the judgment of conviction in said case was void, because the recognizance given on change of venue bound applicant to appear before "the District Court of Dallas County," and not before Criminal District Court No. 2 of said county. The only objection presented is that the court was misnamed in said recognizance, it being applicant's position that no such court was then in existence as the District Court of Dallas County, and that the consequence of such defective recognizance was to deprive the court below of jurisdiction, and that therefore the judgment was void, notwithstanding the fact that he was in the jail of Dallas County, and was brought therefrom to answer this charge, and was personally before the court which tried and adjudged his case.

We do not think the mere fact of a defective recognizance would render void the judgment of a court of otherwise competent jurisdiction such as the trial court in this instance. The case was before the trial court upon a change of venue and it appears that when the order changing the venue was made in Kaufman County, applicant being on bail, was required to make a new recognizance. We do not regard the matter of a defective recognizance in such case any more material as affecting the validity of the judgment rendered in such cause than would a defective recognizance made in any other stage of a criminal proceeding. Short shrift would be made of the case of one who argued the invalidity of a judgment of conviction upon the ground that the bail or recognizance entered into by him for ordinary appearance or appeal, was for any reason defective.

Venue is a matter fixed and controlled by Statute, Chapter 2, Title 4, C. C. P.; and under Article 938 C. C. P., this court by statutory command accepts the presumption that venue in the trial court was proven, unless the matter was there made an issue and the contrary made to appear, which fact must be shown by bill of exceptions properly presented. We observe here in passing that when the case was called for trial in Criminal District Court No. 2 of Dallas County applicant offered no objection to the assumption of jurisdiction by said court both of his person and of the subject matter of his case, save a plea based on the use of the word "place" in the order for change of venue. No question as to the sufficiency of the recognizance was pre-

sented and no other objection to the change of venue was raised; and when the case was before this court on direct appeal, we were under the necessity of affirmance as far as said issue of venue was concerned. We have carefully examined the authorities cited in the able brief·of applicant but are unable to agree to the proposition that the judgment is shown to be void, or that the trial court was without jurisdiction under the facts shown in this record.

The relief prayed for will be denied.

*Relator remanded.*

ON REHEARING.

March 9, 1921.

HAWKINS, Judge.—On relator's original application for writ of ·*habeas corpus* to be released from the penitentiary where he is confined by virtue of a judgment of conviction from Criminal District Court Number Two, Dallas County, the writ was denied by this court on a former day of the term, and relator is insisting we were in error in so doing.

As we understand it, his contention is that because the recognizance which relator entered into at the time the venue was changed from Kaufmann to Dallas County was defective in misnaming the court to which his case had been transferred, that the court which tried him had no jurisdiction and the judgment is void, notwithstanding he was in jail in Dallas County at the time of the trial by reason of affidavit · as to the insufficiency of his recognizance. In other words, relator contends that the order of the court of original venue, no matter how regular it may be, confers no venue on the court to which it is changed unless the relator enters into a proper recognizance, if he was on bond when the change of venue was granted.

If our statute had provided, in addition to the direction about entering into new recognizance, that the order changing the venue should not become effective until the recognizance allowed was entered into, we would have a different question. The recognizance is not made a condition precedent to the effectiveness of the order changing the venue.

The court's order changes the venue, and if accused is in jail the statute directs what shall be done in order to have him present in court when his case is called for trial. If some irregularity occurred in transferring him from the custody of one sheriff to the other it certainly could not affect the validity of the order changing the venue. So if he is on bail when the change is made, in order that he may have the opportunity to still remain at liberty, but to protect the State in its right to have him present at the trial, the statute provides that he may ` enter into recognizance for his appearance at the court to which the

change has been made. The regularity or irregularity of that recognizance cannot affect the validity of the order changing the venue. It is the order which confers venue on the new forum, and not the recognizance. The recognizance is to insure accused's presence. If the recognizance was defective, the new forum might find itself without ability to collect on a forfeiture of the recognizance if accused was not present when his case was called for trial; but it just as certainly would not be without power to enforce his attendance by proper writs.

The accused is present in the court of original venue; an order is made changing it; he may give bail if he desires; no power can force him to do it. It is a voluntary act on his part. If he refuses or is unable to give bail, the officers take him in charge, and proceed to take him bodily to the new forum; or he may voluntarily give recognizance and remain at liberty under obligation only to report to the new forum when the case is set down for trial.

Presuming the order of the court changing the venue to be regular and for good cause, then to say that the execution, or nonexecution, of a recognizance would have anything to do with conferring a right to try him in the new forum seems illogical, because that right already exists by virtue of the order, and the subsequent articles are directory as to how his presenec in the new forum is assured.

We are referred to the Butler case, 38 Texas, 560 and to Harris v. State, 71 Texas Crim. Rep., 463, 160 S. W. Rep., 447. The Butler case was decided by the old semi-colon Supreme Court at a time when the State could appeal on law questions, and that case got into the Supreme Court in this wise: Butler had been indicted in Smith County and had given bond. At a subsequent term of court the judge made the following order: "That this cause be transferred to Rusk County for trial, because the presiding judge had been of counsel for defendant." The case was sent back to Smith County, because Rusk County had no jurisdiction, so the judge there said in making the order. Then the district attorney in Smith County made a motion that defendant's bond be forfeited, and the motion was overruled because the judge "having heretofore been of counsel, cannot sustain said motion," and it was from this order the district attorney appealed, and the appeal was dismissed because the order appealed from was no final order. The court does use language supporting relator's contention, but it was not necessary to do so in the disposition of the question then before the court, for the foregoing statement shows on what ground the case was disposed of. Reference may be made here to what was said about the Butler case in the dissenting opinion in the Harris case: That the judge who made the transferring order was disqualified from making any order at all, and, therefore, his order was void, and venue always remained in Smith County.

In the Harris case, when the order for change of venue was made from Roberts to Wheeler County, the defendant was neither ordered into the custody of the sheriff of Wheeler County, nor was he required

to enter into recognizance, he being on bond at that time. This fact' was mentioned by the eminent jurist who wrote the opinion in the Harris case, and to what extent this controlled him we are unable to determine. Of course, an order directing a change of venue should also either direct that the defendant be placed in custody, or fix the amount of the recognizance, and it would be incomplete in the absence of such recital. No such omission from the order appears in the instant case. The amount of the recognizance was fixed by the court, and this court presumes that relator undertook in good faith to enter into a recognizance which he thought was effective for the purpose intended, that was to insure his presence at time of trial. To presume otherwise would involve the idea that he was designedly seeking to take advantage of the courts. After that recognizance was entered into, then it is the judgment of this court that it was to be treated like appearance bonds in all other cases. For some reason affidavit was filed which resulted in his being placed in jail in the county of the new forum. When the case was called for trial this matter now complained of was not urged. If it had been we believe the court would not have been in error in overruling it. We are not unmindful that the Harris and Butler cases, *supra,* may not be in entire accord with the disposition we make of the instant case, and that they may not be successfully distinguished, but insofar as the views expressed in those cases are in conflict with what has been said here, they will not be followed.

The motion for rehearing will be overruled.

*Overruled.*