On Application for Leave to File Second Motion for Rehearing.

LATTIMORE, J. [12] The matters complained of in appellant's request for leave to file second motion for rehearing have been considered heretofore, and nothing is brought forward which has been misstated or overlooked. Appellant does complain upon the ground that in our opinion on rehearing, as he says, we incorrectly stated that he gave his consent to the search of his premises. We quote from the testimony of T. P. Hudson, which is not controverted by any other witness in the case:

"The defendant told me it didn't make any difference about a search warrant, but I read it to them. He gave me his permission to search the place; I asked him if he wanted me to read it to him, he said, 'No, just go ahead and search it.'"

Leave to file second motion for rehearing is refused.

---

## HASSELL v. STATE. (No. 10908.)

Court of Criminal Appeals of Texas. June 15 1927.

Rehearing Denied Oct. 12, 1927.

1. **Criminal law ⬳134(2)—Application for change of venue, supported by affidavits of defendant and his attorney, held insufficient (Code Cr. Proc. 1925, art. 562).**

Under Code Cr. Proc. 1925, art. 562, affidavits by defendant in criminal case and his attorney are insufficient to support application for change of venue.

2. **Criminal law ⬳1158(3)—Appellate court may not refuse to accept as true statements made by jurors under oath touching their qualifications.**

Court of Criminal Appeals has no right to refuse to accept as true statements under oath by jurors touching their qualifications.

3. **Criminal law ⬳1158(3)—Appellate court may not believe that trial judge, in overruling challenges to jurors, was moved by improper motives.**

Court of Criminal Appeals has no right to believe that trial judge, in overruling challenges to jurors, was moved by other than desire fairly to preside and correctly pass on matters before him.

### On Motion for Rehearing.

4. **Criminal law ⬳1150—Failure of trial court to grant change of venue on own motion held not reviewable (Code Cr. Proc. 1925, art. 560).**

Failure of trial judge on own motion, as authorized by Code Cr. Proc. 1925, art. 560, to grant change of venue, is not reviewable.

5. **Criminal law ⬳134(3)—Application of either state or accused for change of venue may be controverted (Code Cr. Proc. 1925, art. 562).**

Application of either state or accused, supported by affidavit of two credible persons, residents of county, for change of venue, under Code Cr. Proc. 1925, art. 562, may be controverted, on which action of trial court is controlled by evidence adduced.

6. **Jury ⬳103(3)—In murder case, accepting jurors who had opinions formed from reports, which they stated they could disregard, held not abuse of trial court's discretion (Code Cr. Proc. art. 616, subds. 1–13).**

Under Code Cr. Proc. art. 616, subds. 1–13, in prosecution for murder, accepting jurors who had formed opinions from reports, but which they testified they could disregard, *held* not abuse of trial court's discretion.

7. **Homicide ⬳250—Evidence held to support conviction for murder.**

Evidence *held* to support conviction for murder for which death penalty was assessed.

Appeal from District Court, Parmer County; Reese Tatum, Judge.

George J. Hassell was convicted of murder, and he appeals. Affirmed.

W. H. Russell, of Hereford, for appellant.
Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of murder; penalty, death.

Appellant was convicted for the murder of his stepson. The facts are revolting and need not be set out in detail. They fully justified the infliction of the death penalty. Appellant confessed to the killing of deceased, his stepson; also his wife and others of her children. Appellant was defended by an attorney appointed by the court.

[1] An attempt was made to present an application for a change of venue, but as same appears in the record it is sworn to only by the appellant and supported by an affidavit made by the attorney appointed to represent him. Article 562, 1925 C. C. P., sets out the only character of application for a change of venue which is deemed legal. Its provisions are plain. The statute was not complied with in the instant case. The authorities hold an application not in compliance with the statute to be fatally defective. O'Neal v. State, 14 Tex. App. 582; Macklin v. State, 53 Tex. Cr. R. 197, 109 S. W. 145; Gibson v. State, 53 Tex. Cr. R. 349, 110 S. W. 41. It is stated that the statutory requirement that the application be supported by the affidavits of at least two credible persons, residents of the county, is not met by the affidavits of the accused and one other person. This court has also held that an

---

affidavit for change of venue, sworn to by the attorney for the accused, could not be considered. Luttrell v. State, 70 Tex. Cr. R. 183, 157 S. W. 157.

[2, 3] There are a number of bills of exception in the record, each reflecting the objection made by appellant to the acceptance of jurors upon the venire. Said bills set out at length the examination, questions, and answers of said veniremen, and we have carefully examined and considered the testimony of each of said jurors, and are of opinion that the action of the trial court in overruling the challenge for cause made to said jurors was correct. Said jurors were strangers to the appellant, and, while they seem to have heard of the occurrence, and in some instances to have read accounts of it, they all indicated that they had no prejudgment or fixed opinion about the case, and all of them were of the opinion that they could discard and lay aside any impression or opinion formed from hearsay and reading and could try the case fairly and impartially upon the testimony, and, under the law, this court has not the right, nor has it the disposition, to refuse to accept as true the statements made by good citizens under oath touching their qualification as jurors. Neither has this court any right to believe that the honorable trial judge was moved in his actions in overruling the challenges, by other than a desire to fairly preside and correctly pass upon the matters before him.

No other complaints of any kind appear in this record, which can be considered by us. We have tried to give this case that careful consideration demanded by the extreme penalty inflicted, and have found no error in the record, and the judgment will be affirmed.

### On Motion for Rehearing.

MORROW, P. J. Appellant was a tenant farmer. He had married his brother's widow. She was the mother of nine children, eight of whom were members of the household. One daughter was married and lived in another state. The children in the family were of various ages, ranging from 2 to 21 years. Aldon Hassell, the deceased, was the eldest son. After a successful year in conducting the farm, the other members of the family disappeared. Appellant disposed of his crop, and, after advertising that a sale of his household effects would take place upon the 22d day of December, the neighbors gathered and the property was sold to various persons. The premises were rented to another. The appellant, however, occupied one of the rooms. One night he aroused the members of the family who occupied the premises, and they, in company with the sheriff and a doctor, found the appellant in a wounded condition, who claimed that he had been assaulted with a knife. Suspicion

was aroused with reference to the absence of his family whom he had reported as having gone to visit relatives in Oklahoma. Upon inquiry of the relatives this was found to be untrue. A search of the premises developed that in a pit which had previously been dug in the yard there was buried the deceased, Aldon Hassell, his mother, and his seven brothers and sisters, all of whom the appellant, in his confession, admitted to have killed. All were killed with a bludgeon, except Aldon, who was killed by the discharge of a shotgun. Facts corroborating the confession were proved by numerous witnesses; their testimony and the discovery of physical facts ascertained through knowledge gotten from the appellant's confession including the finding and identification of the bodies, the location of the wounds, the appellant's attempted suicide, and other circumstances not necessary to detail.

There seems to have been no specific evidence on the subject of insanity. That issue, however, was submitted to the jury in a comprehensive charge, against which there was urged no objection upon the trial nor complaint on appeal.

[4, 5] Counsel for the appellant, after an unsuccessful effort to obtain compurgators to an application for a change of venue upon the ground of prejudice, attached his own affidavit thereto, setting out in some detail his reasons for the belief that a fair and impartial trial of the appellant could not be had in the county. Based upon these facts, appellant insists that the conditions were such as to demand a review of the court's action in failing upon his own motion to change the venue. In article 560, C. C. P. 1925, the district judge is empowered, if he is satisfied that a fair and impartial trial cannot be had in the county, to order the venue changed on his own motion. Other provisions of the same chapter state the grounds and procedure upon which a change of venue may be had upon the application of the state or the accused. So far as we are aware, this court has never asserted or indicated that it has positive authority to set aside a judgment upon the theory that the venue should have been changed, unless the application therefor containing the terms and requisites prescribed by statute had been made and overruled. In some instances there have been complaints of the fact that the court, of his own motion, had changed the venue. In these, this court, on appeal, has, without exception, so far as we are aware, declined to interfere with the discretion of the trial judge as reflected by his failure to change the venue upon his own motion. See Ex parte Haley, 88 Tex. Cr. R. 649, 228 S. W. 208; Phipps v. State, 100 Tex. Cr. R. 607, 272 S. W. 209; Powell v. State, 99 Tex. Cr. R. 277, 269 S. W. 443; Henderson v. State, 104 Tex. Cr. R. 495, 283

S. W. 497; Thomas v. State, 100 Tex. Cr. R. 114, 272 S. W. 149; Parker v. State, 91 Tex. Cr. R. 68, 238 S. W. 943; Gray v. State, 43 Tex. Cr. R. 300, 65 S. W. 375; Welk v. State, 99 Tex. Cr. R. 235, 265 S. W. 914. It may be, as appellant's counsel insists in his brief, that his inability to procure compurgators is in itself indicative of the existence of prejudice against the accused or prejudgment of his case. Even so, the trial court and this court, on the subject of a change of venue, would be controlled by the written law which commits to the discretion of the trial court the right to change the venue, without a motion, if he regards the conditions such as to preclude the probability of a fair and impartial trial. It also commits to the trial court the power to change the venue upon the application of either the state or the accused, supported by the affidavit of two credible persons who are residents of the county. In the latter case, however, the application may be controverted and the action of the trial court would then be controlled by the evidence adduced. See article 562, C. C. P. 1925; Henderson v. State, 89 Tex. Cr. R. 21, 229 S. W. 535; Parker v. State, 91 Tex. Cr. R. 68, 238 S. W. 943; Ross v. State, 93 Tex. Cr. R. 531, 248 S. W. 685; McNeely v. State, 104 Tex. Cr. R. 263, 283 S. W. 522; Langhorn v. State, 105 Tex. Cr. R. 470, 289 S. W. 57. The record in the present case fails to warrant a reversal of the action of the trial court on account of the matter under consideration.

[6] Several individual jurors were challenged for cause. In bill No. 2 the examination of a juror is set out at length. It appears that he had read in the newspapers an account of the purported confession and had heard some talk of mob violence; that from what he had heard he had formed an impression touching the merits of the case. Quoting him, he said:

"I have merely formed an impression as to his guilt from what I read and heard; but, if I were selected as a juror, I could wholly disregard what I may have heard or read about the matter, not take that into consideration, but try the case, and decide the case solely from the testimony produced on the witness stand. And I would do that."

While there is some variation in the verbiage of the examination of the other jurors, the bills of exceptions are not materially different from that in the one mentioned above. Each of the jurors said that he had no fixed opinion; that he had formed an impression touching the case, but it would require no evidence to remove it, and that it could and would be discarded. By article 616, C. C. P., a juror is not disqualified by reason of the matters contained in subdivisions 1 to 11. Subdivision 12 relates to bias or prejudice. It is commanded (in subdivision 13) that the trial judge shall interrogate the juror who claims to have an opinion—

"and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and if the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case."

In the instant case, the examination of the jurors seems to bring the ruling of the court within the scope of the discretion vested in the trial judge by the thirteenth subdivision of the statute mentioned. See Ellison v. State, 12 Tex. App. 557; Bartlett v. State, 82 Tex. Cr. R. 468, 200 S. W. 839; Ashton v. State, 31 Tex. Cr. R. 479, 21 S. W. 47; and other cases collated in Branch's Ann. Tex. P. C. § 561; 2 Vernon's Tex. Crim. Stat., 1916, art. 692, notes 37, 38, pp. 377, 378; Sapp v. State, 87 Tex. Cr. R. 606, 223 S. W. 459.

Bill No. 10, as qualified, shows that the juror was not challenged.

[7] The attorney appointed by the court to represent the appellant appears to have performed the disagreeable duty with commendable zeal and ability. From the record it appears that the trial was orderly and deliberate and no prejudicial error has been perceived. As stated above, there seems little evidence of insanity, save that which might arise in contemplating the conduct of the appellant. Upon a liberal charge the jury has determined that in committing the act, revolting as it seems, the appellant was sane and conscious of his wrongdoing. Conceding his sanity in connection with the crime, the result of the trial and the assessment of the extreme penalty seem but the reasonable conclusion of a deliberate and dispassionate jury.

The motion is overruled.