Criminal law 1167(3) — Where state dismissed count which defendant moved to quash, there was no error.

Where defendant was indicted on a count for forgery and on another for passing a forged instrument, and moved to quash the first, which the state dismissed, and conviction was had on the second, no reversible error is presented, even if conceded that the forgery count was subject to demurrer.

Appeal from District Court, Brown County; I. J. Rice, Special Judge.

Roy Churchill was convicted of passing a forged instrument, and he appeals.     Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The indictment against appellant contains two counts, one for forgery, and the other for passing a forged instrument. Motion was made to quash the first count charging forgery. The state dismissed as to this count and elected to try upon the count charging passing a forged instrument, and upon this conviction was had. This presents no reversible error, even if it be conceded that the count which charges forgery was subject to demurrer. This opinion does not pass upon that question as it was not in the case as tried by the jury. This is the only question presented for revision, and the judgment will be affirmed.

---

## BAKER v. STATE.     (No. 5714.)

(Court of Criminal Appeals of Texas.     March 24, 1920.     On Motion for Rehearing, April 14, 1920.)

1. Criminal law 140, 1144(6)—Reason for change of venue need not be stated in order; change of venue presumed proper.

Trial court having power granted by Const. art. 3, § 45, to change venue, failure to observe Vernon's Ann. Code Cr. Proc. 1916, art. 626, requiring reason to be embraced in order, does not vitiate it in absence of abuse of discretion, which, to receive attention on appeal, must appear in recognized form, presumption trial court did not transcend its authority otherwise obtaining.

2. Criminal law 1051—No review of change of venue unless exception taken.

Under Vernon's Ann. Code Cr. Proc. 1916, art. 634, though it affirmatively appears from order that trial judge changed venue without believing fair trial could not be had in county,

Court of Criminal Appeals has no jurisdiction to review matter, unless it appears defendant excepted to order; otherwise the presumption he acquiesced prevails.

3. Criminal law 1150—Change of venue not reviewable unless prejudicial abuse of discretion appears.

It is essential to overturning on appeal of order granting or refusing change of venue that it be made to appear there has been an abuse of discretion to defendant's prejudice.

On Motion for Rehearing.

4. Criminal law 1033(2)—Order changing venue not reviewable in absence of objection.

In view of Vernon's Ann. Code Cr. Proc. 1916, art. 744, Rev. St. art. 2059, independently of Code Crim. Proc. art. 634, forbidding revision of order changing venue in absence of bill of exceptions, no review of such order can lawfully be made on appeal unless it is shown that defendant objected below.

5. Criminal law 1048—Error not fundamental not noted unless exception reserved.

No error not fundamental can be noted on appeal unless exception was reserved below.

6. Criminal law 1090(8)—Error in reception of testimony not reviewable in absence of exceptions.

Necessity for bill of exceptions, to action of trial court in admitting evidence, as a predicate for review, exists though examination of record on appeal shows that on proper objection reception of testimony would have been error; there being a presumption that matters not complained of in a bill of exceptions are waived unless fundamental error.

Appeal from District Court, Taylor County; W. R. Chapman, Judge.

A. D. Baker was convicted of robbery, and he appeals.     Affirmed.

Dallas Scarborough, of Abilene, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appeal is from conviction of robbery and punishment fixed at five years' confinement in the penitentiary.

The court of its own motion changed the venue from Eastland to Taylor county. In the order brought up in the record changing the venue it is recited that the case is a capital one, requiring a speedy trial, and, "in view of the crowded condition of the docket of this court, and the nearing of the end of the term, it is transferred to Taylor county." No objection at the time was made, either to the fact that the venue was changed, or to the manner, or to the form of order entered, and no question was raised at the time of the trial in Taylor county touching the authority of that court to try the case. On motion for new trial the verdict was challenged on the ground that the rea-

son stated in the order changing the venue is insufficient to support it. Const. art. 3, § 45, vests the power to change the venue in the courts, "to be exercised in such manner as shall be provided by law," and "the Legislature shall pass laws for that purpose." Article 626 of the statute (Vernon's Ann. Code Cr. Proc. 1916) is as follows:

"Whenever in any case of felony the district judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the state, cannot, from any cause, be had in the county in which the case is pending, he may, upon his own motion, order a change of venue to any county in his own, or in an adjoining district, stating in his order the grounds for such change of venue."

And article 634 contains the following:

"The order of the judge granting or refusing a change of venue shall not be revised upon appeal, unless the facts upon which the same was based are presented in a bill of exceptions prepared, signed, approved and filed at the term of the court at which such order was made."

The appellant insists that the order entered discloses an absence of authority to change the venue, and the court's action is therefore reviewable without bill of exceptions. This implies a claim that there was a want of power to enact article 634, because, granting the existence of such power, the compliance with the article is a condition precedent to review on appeal of an order changing the venue. We see no reason why the Legislature would not have the power to make this a condition to the right of appeal. In article 5, § 5, the Court of Criminal Appeals is given appellate jurisdiction "under such regulations as may be prescribed by law." In pursuance of this and perhaps other provisions of the Constitution, the Legislature has made numerous regulations relating to appeals, notably article 915, C. C. P., which requires as a condition precedent the entry of notice of appeal. Construing this statute, the court has uniformly disclaimed jurisdiction where there was a failure to comply with it. Lawrence v. State, 14 Tex. 432; Thomas v. State, 56 Tex. Cr. R. 246, 119 S. W. 846; and other cases collated in Vernon's Texas Criminal Statute; Texas Criminal Statute, vol. 2, p. 877. The efficacy of article 634, supra, in preventing a review on appeal of the order of the trial court granting a change in venue has often been recognized. Bowden v. State, 12 Tex. App. 246, and other cases in Vernon's Texas Criminal Statute, vol. 2, p. 342.

[1, 2] The court having power granted by the Constitution to change the venue, its failure to observe the legislative regulations requiring that the reason for the change be embraced in the order would not vitiate the order, in the absence of an abuse of discretion, which, to receive attention on appeal, would have to appear in some authentic form recognized by law, so that this court would know that there was an abuse of discretion. In the absence of some authentic information to the contrary, the presumption that the court did not transcend its authority obtains. Possibly, if it affirmatively appeared from the order that the trial judge changed the venue without believing that a fair and impartial trial could not be had in the county, the matter might be reviewed on appeal without a bill of exceptions. This, however, is not the state of the record, and the question is one we are not called upon to decide. We are inclined to the belief, however, that even under such circumstances, by reason of article 634, supra, this court would not have jurisdiction to review the matter, unless it appeared at least that the appellant excepted to the order in the court rendering it. This for the reason that, unless the record showed that the change of venue was made without his consent, the presumption that he acquiesced in it would prevail. On the effect of such acquiescence, the views expressed by the writer and authorities cited in the opinion of Taylor v. State, 81 Tex. Cr. R. 358, 197 S. W. 201, are pertinent. The conclusion there expressed is stated as follows:

"The Constitution having fixed no venue for the trial of felonies, and having expressly vested the power to change the venue in the courts, and specifically declares that the district courts have jurisdiction to try all felonies, and the district court of Williamson county having ordered this cause transferred to the district court in Bexar county, and the appellant having made no objection either to the transfer of the cause or the trial of it, I do not think that the district court of Bexar county was without jurisdiction of the subject-matter so as to render its judgment void. I do not, therefore, believe that the assignment raising this question should be sustained."

This view is in accord with Harrison v. State, 3 Tex. App. 558, to which appellant refers us. In that case there were exceptions to the order transferring the case from Lavaca county, as well as to the jurisdiction in Colorado county, where it was removed. The exceptions, however, were not sufficiently specific, and the court said:

"Again, the judgment of the district court of Lavaca county, removing the cause to Colorado county, being the judgment of a court of competent jurisdiction, could not be collaterally attacked in the district court of Colorado county, for irregularity, or as having been improperly granted, either on a motion to set aside, or by demurrer, or plea to the jurisdiction of the court. Wheeler v. State, 42 Ga. 306. The plea to the jurisdiction was properly overruled."

The cases to which appellant adverts in his carefully prepared brief are those in which the statutes are construed requiring that certain things be done as a predicate for review, or as a condition precedent to juris-

diction, an element which is not found in the article of the statute which requires the trial judge to note in his order his reasons for change of venue. In this class is article 2998, Paschal's Digest, which provided that the change of venue should be to the nearest courthouse, unless certain things should be made to appear in the application. See Harrison v. State, 3 Tex. App. 561, in which the ruling was that unless the application showed such exceptions and a bill of exceptions was presented, the presumption in favor of the correctness of the court's ruling would prevail on appeal.

The statutes requiring that in cases transferred from the district to the county court, order transferring shall appear in the record, and those requiring that the appointment and qualification of a special judge shall appear are provisions making certain prerequisites to the jurisdiction of the court trying the case. See Cohn v. Saenz (Civ. App.) 194 S. W. 685; Summerlin v. State, 153 S. W. 890; Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 370.

[3] As we understand the rule, it is essential to the overturning of the order of the trial judge granting or refusing a change of venue that it be made to appear on appeal that there has been an abuse of discretion to the prejudice of the appellant. Bohannon v. State, 14 Tex. App. 271; Frizzell v. State, 30 Tex. App. 53, 16 S. W. 751; Tubb v. State, 55 Tex. Cr. R. 617, 117 S. W. 858.

The record failing to disclose a compliance with this rule, it is the duty of this court to deny the relief sought, and direct the affirmance of the judgment, which is ordered.

### On Motion for Rehearing.

In a forceful motion for rehearing, the appellant insists that we were in error in holding the conviction valid. We have heretofore expressed the view that the Constitution failing to fix the venue in criminal cases, and providing that the venue fixed by statute may be changed by the court, irregularities in the order of the court changing it are waived by failure to object to it at the time. Our judgment is, in the instant case, that the appellant, having made no objection to the fact that his case was transferred by change of venue from Eastland to Taylor county, and no complaint of the manner in which the change was made, nor the form in which the order was expressed, and having gone to trial in Taylor county without calling in question the jurisdiction of the court therein to try his case, cannot have the judgment annulled on appeal because the venue was changed. See Taylor v. State, 81 Tex. Cr. R. 357, 197 S. W. 196, and authorities therein cited.

[4] Article 626, giving the trial court power to change the venue upon his own motion, directs that he state in his order the grounds for such change of venue. It does not, however, declare that a failure to state legal grounds, or sufficient grounds, or the entire grounds upon which the court acted shall render null and void the judgment entered changing the venue; and, in our opinion, there is nothing in the statute that requires or authorizes this court to so construe the law. Independent of article 634, forbidding the revision on appeal of an order changing the venue in the absence of a bill of exceptions, in our opinion, no review of such order could be lawfully made unless it was shown that the venue was changed over the objection of the accused. Our general statute on the subject of the necessity for bills of exceptions would require that the appellant, complaining that the court had unlawfully or irregularly changed the venue in his case, bring forward the reasons and facts upon which his complaint was founded. See article 744, Code Crim. Proc. and article 2059, Revised Civil Statutes. Such is the rule in this and other states, and from it we are aware of no departure. See Cyc. vol. 12, pp. 845, 846, note 81.

[5] It is said in motion:

"So far as we have been able to find, we have never yet seen a case in the English-speaking language where a bill of exceptions was required where otherwise the error was disclosed by the record."

As we comprehend the subject, no error not fundamental is noticed on appeal, unless exception was reserved to it in the court below. A familiar illustration in our practice is that pertaining to application for continuance. The statute prescribes the requisite of an application, and demands that it be in writing, yet it has been held throughout the history of the court that the copy of the application for a continuance, even though there be a recital in the judgment overruling it that its refusal was excepted to, and it further appeared that on motion for a new trial complaint was made of it, still it is not available on appeal in the absence of a bill of exceptions; for the reason that the appellate court, to intelligently review the ruling of the trial court, must of necessity be put in possession of the facts that were before the trial judge and impelled his action. See Nelson v. State, 1 Tex. App. 44, a capital case in which it is held that the order overruling an application for continuance could not be considered on appeal, the court stating:

"The former decisions of our courts, from the earliest days down to the present, make the saving of a bill of exceptions a prerequisite and sine qua non to revisory action by the appellate court. Nor is the failure to do so remedied (as in this case) by incorporating the action of the lower court in the judgment rendered."

In this case many earlier decisions are cited, and in Branch's Annotated Texas Pe-

nal Code, § 304, numerous later ones are listed.

[6] The necessity for bill of exceptions to the action of the trial court in the admission of evidence as a predicate for review exists, though an examination of the record on appeal makes it obvious that on proper objection it would have been error to receive the testimony. The same rule applies with reference to the numerous incidents in the trial of a criminal case, the presumption on appeal obtaining that matters which are not complained of in bill of exceptions are waived unless they are fundamental. Cyc. vol. 12, p. 486. Change of venue being a matter which can be waived, the order will not be reviewed on appeal, when not complained of in the court below.

The motion for rehearing is overruled.