GEORGE HILL v. THE STATE.

No. 15669. Delivered March 22, 1933.
Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 411.

The opinion states the case.

*W. A. Anderson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twelve years in the penitentiary.

We do not see any good to come from setting out the facts at any length. Deceased was engaged in running a dairy, and permitted some of his cows to run on the commons without being as carefully herded as they might be, and, in an altercation arising out of this situation, he was killed. The cuts and bruises on his body were described by several witnesses.

The chief complaint in this case seems to relate to supposed errors connected with the change of venue. The venue was changed from Tom Green county, where the killing occurred, to Taylor county. No bill of exception was taken to the court's action in ordering such change, but a motion was made in Taylor county to dismiss the case for want of jurisdiction. We do not think the act contained in chapter 8, Acts of First Called Session, 39th Legislature, p. 12, one clause of which repealed article 568, C. C. P., 1925, obviates the necessity for the taking of a bill of exception to the action of the court in ordering a change of venue, when deemed objectionable. All through

said act it is manifest that its purpose was to give more time for the preparation of bills of exception in certain cases than had been theretofore allowed. Referring to bills of exception regarding change of venue, and other matters occurring before the actual trial, and to misconduct of the jury, and to other matters arising after such trial but probably out of the presence of the court, it is said: "All such statements of facts and bills of exception pertaining to any and all of such matters, shall be filed within the same time as is prescribed for bills of exception, etc., occurring during the actual trial of such causes." The wisdom and necessity for holding it necessary to take such bills of exception is here exhibited. In the qualification to the bill of exception taken to the action of the judge in Taylor county in refusing to dismiss the case, there appears a statement certified to by the district judge of Tom Green county, made a part of such qualification, setting out that appellant wanted the venue changed from Tom Green county, and informed said judge that he purposed asking therefor, but was told by said judge that he was going to change the venue of the case of his own motion, and that in trying to agree on a county to which the case should be sent, appellant objected to certain counties in the same district, and to the county seat of Runnels county, an adjoining county, and asked that the venue be changed to Tarrant county, but the court refused this because of distance, expense, etc., and of his own motion changed the venue to Taylor county, distant from Tom Green county only about twenty-five miles at nearest points, and whose county seat had direct railway connections with that of Tom Green county. Without discussing the impropriety of putting into a qualification such matters as are above referred to, it is manifest that opportunity ought to be afforded the trial court of the county from which the venue is changed of stating, in qualifications to a bill of exception, if necessary, the facts and surroundings attending and pertinent to such change of venue. We are of opinion that one desiring to make complaint of a change of venue in his case should be required to take his bill of exception in the court a quo, and that he should have same approved within the statutory time for the approval of such bills, and that he can not resort to a plea to the jurisdiction of the court to which the case is sent in lieu of such bill of exception. Appellant complains in his brief of the insertion in the qualification to his bill No. 5, which presents the objection to the overruling of his plea to the jurisdiction, of the statement made by the judge of the Tom Green district court, but we find no exceptions to such qualifications.

Another complaint is set out in the same bill of exception, viz: that the original transcript of the proceedings had in Tom Green county, which was sent by the clerk of the district court of said county to the clerk of the district court of Taylor county, contained no certified copy of the order of the judge of the district court of Tom Green county convening a special term of his court on July 18, 1931, at which time a judgment was entered directing a nunc pro tunc entry upon the minutes of said court as of date July 4, 1931, at which time it appeared that the case was actually transferred on change of venue to Taylor county, as shown by a docket entry of date July 4, 1931. Suffice it to say that article 570, C. C. P., contains specific directions as to what should be sent in such case by the clerk of the court from which venue is changed to the clerk of the court to which the case is sent, and nothing therein set forth seems to include or make necessary a certified copy of any order calling such special term. However a duly certified copy of such order does appear, and is in the bill of exception under discussion.

Appellant's bill of exception No. 7 sets out three pages of questions and answers with no certificate of the trial judge that there was any necessity for the preparation of a bill in such fashion. Said bill recites that the state's objection to the above testimony was sustained. Citation of authorities is not deemed necessary to show that such a bill cannot be considered. It is in violation of the statute. Article 760, C. C. P.

Bill of exception No. 8 complains that a state witness in rebuttal was allowed to describe the many cuts on the body of deceased. When asked to so describe them, the bill states that appellant objected on the ground that this was not in rebuttal; that this would be inflammatory and prejudicial. Neither ground of objection is supported by any recital of facts in the bill. To entitle such bill to consideration, it should in and of itself manifest the error complained of.

Bill of exception No. 1 complains of the fact that a daughter of deceased was allowed to testify that she witnessed part of the difficulty in which her father was killed, and that, as she was going toward the place where it occurred, she met appellant and his son, both of whom participated in the affray, and both of whom were indicted for this murder, coming down a road which she was crossing. She was asked if they said anything to her. This was objected to as irrelevant and prejudicial. We doubt the sufficiency of the objections, but the witness testified that either appellant or his son stated to her, "Get out of the way or we will run over you." The trial judge certifies

that this was admitted as part of the res gestae, that it occurred within one hundred and fifty yards of where the killing had taken place and within a few moments after same. We perceive no error in the ruling.

If there was any doubt as to the propriety of allowing the widow of deceased to testify to the number and ages of her children, it would not appear of sufficient weight or materiality to call for a reversal of the case, especially in view of the fact that four of said children testified, and reference was made by witnesses, without objection, to several smaller ones.

Bill of exception No. 3 sets out objection to the testimony of the wife of deceased that shortly before the killing deceased left her to go to the place where the difficulty occurred, and that she remonstrated with him for going, and that he replied to her, "Can't men talk anything over reasonably, without making a fuss," and left her. The bill of exception reveals that this was part of a conversation first gone into by appellant in his cross-examination of this witness. Such being the case, he has no right to complain. See article 728, C. C. P.

Bill of exception No. 4 presents complaint that a witness was allowed to say that, in talking to appellant prior to this homicide, in which appellant was describing the actions of deceased in permitting his cattle to run at large and of his purpose of filing a complaint against deceased for such conduct, appellant's face was flushed with anger, and he was very bitter in his attitude toward deceased. We think this testimony was admissible.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant cites article 2210, R. C. S., Walsh et al. v. Methodist Episcopal Church, South, et al., 173 S. W., 241, and Reed v. Murphy, 276 S. W., 951, as supporting the proposition that, if there is included in the judgment of which complaint is urged a recital that the complaining party excepted thereto, it is not necessary to bring the complaint forward by bill of exception. As we understand the record the order changing the venue was actually made by the court in Tom Green county on the 4th day of July, 1931, but was not carried forward in the minutes; that a special term of the court was called at which, on the 18th day of July, 1931, a nunc pro tunc judgment was entered carrying into the minutes the judgment of July 4th. In the nunc pro tunc judgment there is no recital showing that the order of July 4th changing the venue

was excepted to. In the order granting the state's motion to have the nunc pro tunc judgment entered, it is recited that appellant excepted to the action of the court in acting favorably on the state's motion. We call attention to such matter because, if appellant's position be sound, which is not thought to be true, it is not believed that an exception noted to the court's action on the motion would take the place of an exception to the order actually changing the venue.

Adverting to the main question in issue, we adhere to the announcement in our original opinion that the Acts 1st C. S., 39th Leg., chap. 8, p. 12, which repealed article 568, C. C. P. (1925) did not relieve one complaining at the action of the court in granting or refusing a change of venue of the necessity of bringing such complaint forward by proper bill of exception taken in the court whose action is challenged. The act of the Legislature in question only changes the time in which may be filed such bill of exception or statement of fact reflecting the circumstances under which the court acted.

Appellant urges that this court should not consider the qualification to his bill of exception number five in which is incorporated by the trial judge of Taylor county the certificate furnished him by the judge of Tom Green county explaining the circumstances regarding the change of venue. As stated in our original opinion, we doubt the propriety of such a qualification. The circumstances under which it was made emphasizes the necessity of a bill of exception to the action of the court in changing the venue taken at the time and in the court making the order. If the attack may be delayed until venue is challenged in the court to which the case has been sent, the trial judge of that court has no knowledge of the facts and circumstances under which the judge who changed the venue acted.

The previous holdings of this court—which we regard as unaffected by the Act of the 39th Legislature in question save as to the time in which bills of exception and statements of facts relating to change of venue may be filed—are reflected by the following text from Texas Jurisprudence, vol. 4, sec. 152:

"An order granting or refusing a change of venue is not reviewable in the absence of a bill of exception reserved to the action of the court; and this is true though the record shows that the ruling would have been reversible error had a proper objection been interposed, where the matter is not jurisdictional. Nor will pleas to the jurisdiction in cases in which the venue has been changed be entertained by the court to which the cause was sent, nor by the appellate court, unless the mat-

ter complained of was preserved by proper bill of exceptions taken in the court a quo. In support of the text many cases are cited, including Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W., 943; Baker v. State, 87 Texas Crim. Rep., 213, 220 S. W., 326; Haley v. State, 87 Texas Crim. Rep., 519, 223 S. W., 202; Ex parte Haley, 88 Texas Crim. Rep., 649, 228 S. W., 208; Wilson v. State, 87 Texas Crim. Rep., 538, 223 S. W., 217. See, also, Goode v. State, 57 Texas Crim. Rep., 220, 123 S. W., 597.

When this case was called for trial in Taylor county on the 22d day of February, 1932, appellant moved to dismiss it because the transcript on file from the court of Tom Green county failed to show an order calling a special term of court in that county at which special term the nunc pro tunc order changing the venue was entered. There appears in the record the order of the district judge of Tom Green county calling a special term of court in that county, but the certified copy thereof was not filed in Taylor county until the 23d day of February, 1932. Appellant objected to the court considering such order because it was not on file when the case was called for trial and when appellant was required to plead to the indictment. The nunc pro tunc order recited that it was made at a special term of court, and presumptively the special term was in session under authority of law. The fact that the certified copy of the order calling the special term was not filed until after appellant had entered his plea, and was not incorporated in the original transcript from Tom Green county did not in our opinion prevent the court in Taylor county from proceeding in the case. See Delaney v. State, 48 Texas Crim. Rep., 595, 90 S. W., 642; Biggerstaff v. State, 59 Texas Crim. Rep., 575, 129 S. W., 840. It was the order of transfer in fact made on the 4th day of July, 1931, by the court in Tom Green county, which fixed the new venue in Taylor county. Ex parte Haley, 88 Texas Crim. Rep., 649, 228 S. W., 208. The subsequent proceedings in the court of original venue were for the purpose of completing the record in order that the court of the new venue might be apprised of its authority. It had sufficient information from the recital in the nunc pro tunc order which was before it that such order had been made at a special term of court, unless and until in fact it was made known that such order had been made at a time when the court was not in session.

The motion for rehearing is overruled.

*Overruled.*