### JAMES E. BUSH V. STATE

No. 33,890. January 3, 1962
Motion for Rehearing Overruled February 14, 1962

*Billy J. Moore,* Ennis, for appellant.

*Bruce Allen,* County Attorney, Waxahachie, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for felony theft with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment, as provided by Art. 63, V.A.P.C.

The indictment was returned by the grand jury on February 7, 1961, and charged theft of money of the value of Five Hundred Dollars from one L. C. Hackler.

After return of the indictment, appellant filed in the cause, on April 21, 1961, two motions in which he alleged that he had been adjudged a lunatic on February 14, 1924, in the County Court of Navarro County and that his attorney had reason to believe that appellant was presently insane and was insane at the time of the commission of the offense. In one motion, appellant requested the court to send him to a mental institution for diagnosis and observation before being placed on trial and in the other motion, appellant requested the court to, "* * * appoint and pay for a competent independent psychiatrist's services so that the Defendant can adequately prepare his defense * * * and for suspension of the proceedings for a period of time sufficient to enable the psychiatrist to observe, diagnose, and evaluate the Defendant's mental condition * * *."

The two motions were by the court overruled.

On April 24, 1961, appellant filed in the cause a motion for a preliminary insanity hearing in which he alleged that he was incompetent at the time to make a rational defense and requested the court to impanel a jury to try the issue of his mental competency at such time and at the time of the alleged commission of the offense charged against him.

In response to the motion, a jury was duly selected and impaneled by the court on April 24, 1961, to try the issue of appellant's insanity.

After a hearing, the jury returned into court their verdict finding appellant sane at the time of the hearing and sane on October 21, 1960, the date the offense was alleged to have been committed.

On April 25, 1961, the case against appellant for the offense charged in the indictment was called for trial.

Appellant entered a plea of "Not Guilty" to the indictment by reason of insanity.

At the trial it was shown by the testimony of the injured party that on the date alleged in the indictment a collection of old coins, of the value of $600, were stolen from his home. Appellant was arrested the following day and some old coins were found in his pickup. Appellant orally confessed to the officers that he had stolen the coins from the injured party and accompanied them to a place where he stated he had abandoned a metal box which contained the coins and had burned some of the papers which were in the box. At such place the officers found a metal box which the injured party identified as the box in which he kept the collection of coins. Certain coins and papers were also found by the officers. The coins were identified by the injured party and his wife as similar to the ones stolen from their home and the wife identified certain writing on coin wrappers as being her writing. The coins recovered by the officers, which were in denominations of pennies, nickels, dimes and quarters, were shown to have a value of over $50.

Proof was made by the State of two prior convictions alleged in the indictment and evidence was introduced showing that appellant was the person so convicted.

Appellant offered in evidence, on the issue of insanity, a certified copy of a judgment entered in Cause No. 3,387 in the county court of Navarro County, on February 14, 1924, wherein appellant was adjudged to be a lunatic in a lunacy proceeding.

The state called lay witnesses who expressed their opinion that appellant was of sound mind, both at the time the offense was alleged to have been committed and at the time of trial. Dr. John Compton, a physician and County Health Officer of Ellis County, upon being called as a witness by the state, testified that he had examined appellant on two occasions and expressed his opinion that appellant was a person of sound mind at the time of trial and on the date the offense was alleged to have been committed.

The court, in submitting the issue of appellant's guilt to the jury, charged on the law pertaining to appellant's defense of insanity and required the jury to find whether appellant was sane or insane, both at the time of trial and at the commission of the alleged offense.

The jury by their verdict found appellant guilty of the primary offense and that he had been previously convicted of the two alleged felony offenses and on the issue of insanity found appellant sane, both at the time of trial and on the date the offense was alleged to have been committed.

The evidence is sufficient to support the jury's verdict.

We shall discuss the contentions presented by appellant in his brief and in oral argument.

He first contends that the charge given by the court, both at the preliminary trial and on the main trial, with respect to the definition of insanity, as applicable to the time of trial, was erroneous because the court's definition was based upon the "right and wrong" test of insanity rather than whether appellant knew the nature and consequences of his acts and was able to advise and assist his counsel in preparing a rational defense.

We need not pass upon the sufficiency of the court's charge given at the preliminary trial as no appeal lies from such trial. Appellant may not on this appeal complain of alleged procedural errors at the preliminary trial. Pena v. State, 167 Texas Cr. Rep. 406, 320 S.W. 2d 355.

The court in the instant trial instructed the jury in connection with the charge on insanity as follows:

"In order for a person to be insane under the law, his mind must be so affected or mentally diseased that his reason is dethroned to the extent that he does not know the nature, quality, or consequences of his act at the time, that is, he does not know the difference between right and wrong."

The "right and wrong" test of insanity, used by the court in the definition, is the legal test of insanity in this state. Simpson v. State, 163 Texas Cr. Rep. 385, 291 S.W. 2d 341 and Freeman v. State, 166 Texas Cr. Rep. 626, 317 S.W. 2d 726.

Art. 932b, V.A.C.C.P., provides in part as follows:

"Section 1. In any case where the question of the insanity of a defendant is raised and the issue is tried alone before the main charge or is tried in connection with the main charge, the jury shall state in their verdict whether the defendant was sane or insane at the time the offense is alleged to have been committed and whether the defendant is sane or insane at the time of the trial."

This statute clearly requires a finding by the jury on both the issue of present insanity of the accused and insanity at the time of the alleged offense, where such issues are raised.

In the early case of Guagando v. State, 41 Texas 626, it was held that the question to be determined at a preliminary insanity hearing is whether the accused is mentally competent to make a rational defense. Whereas in this case, an accused has been accorded a preliminary insanity hearing on the day before the main trial, the court would not be required to grant him another such hearing on the day of the main trial. Kizze v. State, 166 Texas Cr. Rep. 191, 312 S.W. 2d 661.

We hold that the learned trial judge correctly submitted to the jury the issue of appellant's insanity, both at the time of commission of the offense and at the time of trial, upon the legal test of insanity recognized in this state, which is the ability to know the nature and consequences of one's acts and the difference between right and wrong.

Appellant next urges as error the court's action in refusing to provide appellant with a competent independent psychiatrist,

or in the alternative to send appellant to a mental hospital for observation.

The Constitution of Texas, Art. I, Sec. 15a, relates to the commitment of one found to be insane. It does not relate to insanity as a bar to prosecution or as a defense in a criminal case. A defendant in a criminal case may successfully plead insanity as a bar to prosecution or punishment, or as a defense, though the evidence may not be such as would authorize his commitment.

We find no provision in the constitution or statutes which requires a court to appoint a psychiatrist for one charged with a crime or order that he be sent to a hospital for observation. In Ellzey v. State, 158 Texas Cr. Rep. 604, 259 S.W. 2d 211, this court held that the law of this state does not require a trial court to send a person charged with an offense, prior to an adjudication of insanity, to an institution for diagnosis or observation. The prior adjudication of insanity of appellant, in the lunacy proceeding, would not require such an order. We find no error in the court's refusal.

Complaint is made to the court's action in refusing appellant's request for an extension of time in which to file an amended motion for new trial based upon newly discovered evidence. While the complaint is not before us by a proper bill of exception, we observe that appellant's request was not made until after the term of court had expired at which his original motion for new trial was overruled and notice of appeal was given. The court was without jurisdiction after expiration of the term to grant appellant's request for extension of time. Stickney v. State, 171 Texas Cr. Rep. 303, 388, 336, S.W. 2d 133.

The remaining complaint relates to certain other alleged errors in the court's charge given at the preliminary insanity hearing which appellant cannot urge on this appeal. Pena v. State, supra.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

In a highly professional brief and oral argument, appellant urges that we were in error in our original holding that he was not under the Constitution of the United States entitled to the appointment of a psychiatrist, to be compensated by the state for his examination of appellant and for his time while testifying, in the event he concluded that appellant was a person of unsound mind. This court does not turn a deaf ear to appellant's claims of his constitutional rights, as will be seen from our opinion in which we granted relief to him in Ex parte Bush, 313 S.W. 2d 287. But we are not inclined to extend the holding of the Supreme Court of the United States in U. S. ex rel Smith v. Baldi, 344 U.S. 561, 73 S. Ct. 391, 97 L. ed. 549, when that court said, "We cannot say that the state has that duty by constitutional mandate."

Appellant next contends that we erred in our disposition of his complaint as to the court's charge on the question of insanity. What we attempted to say was that the question of appellant's sanity, and thus his ability to make a rational defense, was decided adversely to him on April 24 and that it became unnecessary to re-adjudicate that question on April 25.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.