**James E. BUSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 33890.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Billy J. Moore, Ennis, Charles Alan Wright, Austin, for appellant.

Bruce Allen, County Atty., Waxahachie, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This cause is pending before us on appeal. Our prior opinion affirming the conviction is reported in 353 S.W.2d 855. The Supreme Court of the United States vacated our judgment on writ of certiorari, 371 U.S. 859, 83 S.Ct. 123, 9 L.Ed.2d 98. The Supreme Court's opinion states that "two days before argument here the State commendably filed a 'Supplemental Brief for the Respondent' calling to the Court's attention the following 'Diagnostic Summary,' relating to the petitioner's mental condition, prepared by the Psychiatric Resident of the Houston State Psychiatric

Institute at Houston". 372 U.S. 586, 83 S. Ct. 922, 9 L.Ed.2d 958. The psychiatric diagnostic. summary referred to by the Court was prepared by Adolf Hug, M.D., and it appears in full in the Court's opinion. The Supreme Court stated: "At the time its decision was rendered, the Court of Criminal Appeals had available to it neither the above psychiatrist's report nor the view of the Assistant Attorney General regarding disposition of the case". (The opinion of the Supreme Court recites that during oral argument, when the Assistant Attorney General of Texas was asked the views of his office in the event the case should be vacated and remanded by this Court, the Assistant Attorney General of the State of Texas stated that his personal position would be that the man should be examined in this hospital and that evidence should be presented to the trial court. He further responded, to an inquiry made by the Chief Justice: "You would grant him a new trial?", "Yes".) The Supreme Court stated in its opinion: "Appropriate federal-state relations and proper regard for state processes require that Texas' highest criminal court be afforded the opportunity to pass upon the case with these later developments before it. The judgment of the Texas Court of Criminal Appeals is therefore vacated, and the case is remanded for consideration in light of subsequent developments" and "in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding."

Pursuant to the March 25, 1963, opinion of the Supreme Court of the United States, this Court entered an Order on April 24, 1963, outlining the statutory manner whereby appellant's sanity may be judicially determined while an appeal from his conviction is pending in this Court and further stating that if the issue of sanity or insanity is determined by a jury the result of the trial should be certified to this Court. This Court's Order further stated that final disposition of this appeal will await the filing of further motions, briefs and certification as to "subsequent developments" referred to in the Supreme Court's opinion.

The District Court of Ellis County impaneled a jury pursuant to the above mentioned order of this Court. A trial was held on July 22, 1963, on the issue of the appellant's sanity or insanity. Although the provisions of Sec. 3, Art. 932b, Vernon's Ann.C.C.P., only provides a method for judicially determining an appellant's sanity while an appeal from his conviction is pending, or if the question of sanity of the defendant is raised after his conviction and prior to the pronouncement of sentence, and does not provide for a judicial determination of sanity or insanity at the time of the commission of the offense charged, we observe from the transcript that the learned trial judge not only submitted the issue of present insanity (July 22, 1963) to the jury, but he also submitted an issue on whether or not the appellant was sane or insane on October 21, 1960, the date the offense was alleged to have been committed, and on April 25, 1961, the time of the main trial. The record reflects that four months elapsed from the time that the Supreme Court of the United States handed down its opinion until the preliminary trial on the sanity issue was held by the trial court. It is apparent from the record of this last proceeding that the appellant was transferred to the Rusk State Hospital, where he was admitted February 21, 1963, and was there confined and under psychiatric treatment for a period of 89 days until he was furloughed back to Ellis County around May 21, 1963. At the hearing held in the trial court on July 22, 1963, two psychiatrists, a general practitioner and several lay witnesses testified for the State. All testimony, without exception, reflecting the sanity of appellant on the three occasions herein mentioned. The appellant's counsel neither cross-examined any of the State's witnesses, nor did the ap-

pellant adduce any testimony. One of the psychiatrists, Dr. Charles W. Folsom, who testified, had observed appellant for the entire period of his 89 day stay in the Rusk State Hospital. The other psychiatric witness, Dr. John T. Holbrook, came from Dallas, Texas. He had made an examination of appellant. Each of these medical experts expressed the opinion that appellant was sane on the three different dates shown in the issues submitted to the jury. We think that the trial court by its action, accorded the appellant every legal right by making available to appellant adequate psychiatric evidence.

While it was not offered in evidence, an affidavit of Dr. Adolf Hug, who prepared the psychiatric diagnostic summary furnished the Supreme Court was offered at the sanity trial held July 22, 1963, which reads in part:

"I am sorry that I cannot answer your questions about Bush's knowing right from wrong at the time of crime, trial or examination. As a psychiatrist I am concerned only with the patient's welfare. I try to diagnose him to have a working hypothesis and on this working hypothesis I came to the conclusion you quoted in your letter. I cannot answer your question if Bush knew right from wrong, simply because I didn't ask him this questions."

Briefs were filed and oral argument made before this Court by both appellant and the State.

■ Appellant complains that the procedure set out in Article 932b, Section 3, Vernon's Ann.C.C.P. is wholly inadequate to provide the relief to which he is entitled. It is appellant's position that he should be granted a new trial, and that upon said new trial he can properly adjudicate the issue of insanity at the time of the commission of the offense.

Counsel for appellant point out that at the hearing in July they were faced with a dilemma in that if they sought to prove the appellant was insane and were successful, he would have been committed as an insane person charged with a criminal offense and their effort to have him acquitted of the offense of which he was convicted and appealed would be thwarted.

The answer to this contention is found in Art. 932b Vernon's Ann.C.C.P.; Sec. 5, which provides:

"When a defendant is found to be insane and committed to a State Mental Hospital under this Chapter, all further proceedings in the case against him shall be suspended until he becomes sane, *except that upon motion of a defendant's counsel an appeal from a conviction may be prosecuted.*"

Had the sanity trial while the appeal was pending in this Court resulted in a finding that appellant was insane prosecution of this appeal could have proceeded upon counsel's motion and this appeal could have been considered in accordance with the instructions of the Supreme Court in the light of such finding.

Appellant filed various motions to postpone, to protest the sanity hearing, requested of the trial court a new trial and announced ready for trial thereto. As we view the case at bar, the main trial was not before the trial court in July 1963, only the trial on the sanity or insanity issue after verdict. The main trial had been held and the appeal therefrom was pending before this Court, pursuant to action of our Supreme Court. We find no merit in the various motions filed by appellant.

We proceed in compliance with the mandate of the Supreme Court to reconsider the question raised by the appellant on his appeal from his conviction and do so having before us the subsequent developments referred to by the Supreme Court and the subsequent proceedings in the trial court which resulted in the finding that appellant was sane.

Appellant contends that the trial court erred in denying his request for adequate psychiatric evidence which he states that he is entitled to under the Fourteenth Amendment to the Constitution of the United States. Whether or not we were correct in our original disposition of this contention, it is apparent that appellant has now had ample psychiatric examination and has been adjudged to be sane.

Viewed in the light of subsequent proceedings, we find no deprivation of appellant's rights under the Constitution and laws of this State, or the laws of the United States, the United States Constitution or any amendments thereto.

Appellant contended on original submission before this Court and also before the United States Supreme Court that the trial court denied him adequate time for proper examination and diagnosis by a psychologist who appeared at the trial upon request of petitioner's counsel. The psychologist appeared prior to the preliminary trial, from which no appeal lies to this Court, and though there was ample time for such examination and diagnosis prior to the trial on the merits, at which the defense of insanity was again raised, the witness was not called to testify.

While we would not have been impressed by nor even considered the Ex Parte "Diagnostic Summary of Dr. Hug, nor the personal view of the Assistant Attorney General of Texas" had same been brought before this Court by way of a supplemental brief and in oral argument not part of the record, yet it is evident that the Supreme Court found that a reasonable doubt existed as to the sanity of the appellant. In view of the proceedings had, we feel that any and all doubt has been removed.

The supplemental record brought before us in obedience to the decision of the Supreme Court demonstrates that all of the rights of appellant have been fully adjudicated and determined. Having before us all evidence adduced, we now dispose of this case as we originally did, and affirm the judgment of the trial court, adopting herein by reference our original opinion and our opinion on Motion for Rehearing, Bush, supra.